Citation Nr: 1829593 
Decision Date: 06/19/18 Archive Date: 07/02/18

DOCKET NO. 10-34 921 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical and Regional Office Center in Wichita, Kansas


THE ISSUE

Entitlement to service connection for a digestive disorder, to include acid reflux and gastroesophageal reflux disease (GERD).


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

C.S. De Leo, Associate Counsel
INTRODUCTION

The Veteran served on active duty from June 1981 to July 1992.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a September 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Wichita, Kansas.

In September 2013, the Board remanded the claim to the Agency of Original Jurisdiction (AOJ) for further development to include obtaining another medical opinion. More recently, in December 2016 the Board remanded the claim. For the reasons discussed below, the Board finds that there has been substantial compliance with the development sought as part of the December 2016 remand. Stegall v. West, 11 Vet. App. 268 (1998). 

In June 2011, the Veteran was afforded a Board hearing; a transcript of the proceeding is associated with the claims file. However, as set forth in an August 12, 2016 letter that the Board sent to both the Veteran and his representative, the Veterans Law Judge who conducted the hearing is no longer employed by the Board. In general, the Veterans Law Judge who conducts a hearing on appeal must participate in any decision made on that appeal. See 38 U.S.C. § 7107(c) (2012); 38 C.F.R. § 20.707 (2017). However, when a Veterans Law Judge becomes unavailable to participate in the disposition of a proceeding, VA may assign the proceeding to another Veterans Law Judge. See 38 U.S.C. § 7102(a); 38 C.F.R. § 19.3(b). The August 2016 letter explained that although VA had a complete transcript of the hearing and was therefore able to make a decision on the record, the Veteran had a right to request another Board hearing. The letter indicated that if the Veteran did not respond within 30 days, the Board would assume that he did not want another hearing and would proceed accordingly. To date, the Veteran has not responded to the August 2016 letter; thus, a new hearing is not required prior to adjudicating the instant appeal. 



FINDING OF FACT

The Veteran does not have a digestive disorder, to include acid reflux and GERD that is attributable to his active military service.


CONCLUSION OF LAW

The criteria for service connection for a digestive disorder, to include acid reflux and GERD have not all been met. 38 U.S.C.§§ 1101, 1110, 1131, 5107 (2012); 38 C .F.R. §§ 3.102, 3.303 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Due Process

VA has a duty to notify and assist claimants in substantiating claims for VA benefits. See eg. 38 U.S.C. §§ 5103, 5103A (2012) and 38 C.F.R. § 3.159 (2017). In the instant case, VA provided adequate notice letters sent to the Veteran in May 2008 and October 2013. 

VA has a duty to assist a claimant in the development of a claim. This duty includes assisting the claimant in the procurement of relevant treatment records and providing an examination when necessary. 38 U.S.C. § 5103A; 38 C.F.R. 
§ 3.159. 

The Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). Service and VA treatment records are associated with the claims file. VA provided relevant examinations as discussed in further on in the decision. 

There is no indication of additional existing evidence that is necessary for a fair adjudication of the claim that is the subject of this appeal. Hence, no further notice or assistance to the Veteran is required to fulfill VA's duty to assist. 

II. Service Connection

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303(a) (2017). "To establish a right to compensation for a present disability, a Veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"- the so-called "nexus" requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Merits

The Veteran seeks service connection for a digestive disorder, to include acid reflux and GERD, which he contends is attributable to military service. Specifically, the Veteran contends that he was told by a physician that the stress of being in the military caused him to develop acid reflux. He also asserts that his acid reflux is due to an anthrax vaccine he received during service.

The Veteran has been diagnosed with GERD satisfying the first element of a service connection claim. Thus, the dispositive issue in this case is whether current GERD is related to active service. In this case, as discussed below, the preponderance of evidence is against a finding that GERD is so related. 

Service treatment records document that the Veteran sought treatment for symptoms to include nausea and vomiting with assessments of possible GERD and gastroenteritis. Specifically, a May 1982 service treatment record indicates the Veteran presented with vomiting for one day and diarrhea for two weeks. A July 1982 service treatment record indicates the Veteran presented with complaints of vomiting, nausea, and diarrhea times one day. The assessment was acute gastroenteritis. 

A March 1984 service treatment record indicates the Veteran was treated for nausea, diarrhea, and fever. He was diagnosed with flu.

A March 1988 service treatment record indicates the Veteran was diagnosed with gastroenteritis with dehydration. A subsequent November 1988 service treatment record indicates that gastritis resolved.

A June 1989 service treatment record shows that the Veteran complained of stomach gas and heartburn, and the examiner concluded an assessment of "poss. GER vs. giardia vs. [illegible]."

A November 1990 service treatment records shows the Veteran was diagnosed with gastroenteritis and a November 1994 service treatment record indicates he was diagnosed with acute gastroenteritis.

Additionally, a November 1990 report of examination (periodic exam), and March 1994 and September 1998 enlistment reports of examination for reserve duty notes the examiners gave a normal clinical evaluation with regard to any relevant system or anatomy. The March 1994 report of medical history documents the Veteran wrote his health was excellent and he had no present health problems. He reported no symptoms related to GERD. A September 1998 enlistment examination indicates the Veteran reported he was in good health and reported no symptoms related to the digestive system, GERD, or otherwise.

Turning to the evidence following service discharge, pertinent evidence of record includes VA treatment records, VA examination report and medical opinions. VA treatment records include GERD and reflux as a current medical problem since March 2003 and an October 2007 treatment record indicates diagnosis of GERD treated with medication. An August 2008 esophagogastroduodenoscopy revealed a normal esophagus and mild chronic gastritis. During the period on appeal, with exception to the October 2013 VA examination, VA treatment records note the Veteran denied abdominal pain, nausea, and vomiting. 

The Veteran was provided with a VA GERD examination in October 2013 (with a December 2017 addendum opinion) to determine the etiology of his claimed digestive disorder. The resulting examination report indicates the examiner noted that the Veteran was diagnosed with acid reflux in 1987, noting the Veteran's symptoms of nausea, heartburn, reflux, and recurrent epigastric distress. Following examination of the Veteran and review of the claims file, the examiner opined that the Veteran's GERD was less likely than not incurred in, or caused by, his active duty service and noted that there were no records of treatment for GERD or reflux while the Veteran was on active duty. With respect to the Veteran's assertion regarding the anthrax vaccine, the examiner explained that there was no scientific evidence that an anthrax vaccine could cause GERD, and therefore, it was less likely than not that any esophagitis was caused by an anthrax vaccine. 

In December 2016, the Board determined that an additional medical opinion was needed prior to adjudicating the Veteran's claim, as the October 2013 examiner did not address the June 1989 treatment, which shows that the Veteran complained of stomach gas and heartburn, and which includes an assessment of "poss. GER vs. giardia vs. [illegible]." The examiner also did not address the Veteran's reports of continuity of symptomatology since service. 

Thereafter, in a December 2017 addendum opinion, the October 2013 VA examiner reviewed the overall clinical data and concluded that the Veteran's current GERD is unrelated to military service. In support of this opinion, the examiner acknowledged the Veteran's in-service treatment for gastrointestinal problems and opined that it is less likely as not that the Veteran's GERD was incurred in or caused by an in service event or illness. The examiner explained that the July 1989 symptoms were consistent with flu syndrome and this is consistent with the Veteran's service treatment records, which document no symptoms that are consistent with GERD.

Given the above, the Board finds that the most probative evidence of record shows that the Veteran does not have a current digestive disorder to include GERD and acid reflux that is due to incident during service and did not begin in service. In addition to the evidence already discussed, the Board acknowledges the Veteran's testimony and statements of when his symptoms arose, but finds that they are not significantly probative of a grant of service connection. As set forth in his June 2011 hearing testimony, the Veteran maintains that he began to experience symptoms of acid reflux in or around 1982, such as burning sensations in his throat and chest, gas, and belching, and that he has experienced these symptoms since service. According to the Veteran, he was told by a physician that the stress of being in the military caused him to develop acid reflux. The Veteran has also asserted that his acid reflux is due to an anthrax vaccine he received during service. 

As to non-expert or lay opinions with regard to diagnoses or a relationship of a condition to service ("nexus"), whether such opinions are competent evidence depends on the question at issue and the particular facts of the case. 

Although it is error to categorically reject a non-expert nexus opinion, not all questions of nexus are subject to non-expert opinion. See Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009). Whether a layperson is competent to provide a nexus opinion depends on the facts of the particular case. In Davidson, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) drew from its earlier decision in Jandreau v. Nicholson to explain its holding. Id. 

In that earlier decision, the Federal Circuit addressed the competency of lay diagnoses, stating as follows: "[l]ay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional." Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). 

The Federal Circuit provided an example, stating that a layperson would be competent to identify a simple condition such as a broken leg, but not competent to provide evidence as to a more complex medical question such as a form of cancer. Id. at n.4. 

Also of note is that the Veterans Court has explained that non-expert witnesses are competent to report that which they have observed with their own senses. See Layno v. Brown, 6 Vet. App. 465, 469 (1994). Taking Davidson, Jandreau, and Layno together, leads the Board to the conclusion that the complexity of the question and whether a nexus opinion could be rendered based on personal observation are factors in determining whether a non-expert nexus opinion or diagnosis is competent evidence. 

The Board acknowledges the Veteran's contentions that gastrointestinal problems treated during service are related to current diagnosis of GERD. The Veteran is competent to report that he was treated for gastrointestinal problems in service. As well as competent to report what a practitioner advised concerning his medical condition. However, the Veteran's contention as to the etiology of his current GERD, diagnosed many years after service, is not competent evidence. First, there is no indication that the Veteran has expertise in medical matters. Second, whether gastrointestinal symptoms he experiences now are due to the same condition he had that gave rise to gastrointestinal symptoms during service is a complex question because it is well known that gastrointestinal symptoms may arise from different causes. Moreover, as discussed above, the Veteran has been treated for and diagnosed with other disorders resulting in gastrointestinal symptoms, further complicating the nexus question. As such the Veteran's nexus opinion is not competent evidence. 

Despite his reports, as discussed above, he made no mention of his digestive problems at the time of examination during service, and thereafter upon enlistment into reserve service. The March 1994 report of medical history provides evidence of no GERD disability or continuing symptoms since the time of service separation. The Veteran described his health as excellent and he had no present health problems. Similarly, the September 1998 enlistment exam for reserve duty notes the Veteran again reported he was in good health. These reports provide evidence of no GERD disability following service discharge and no history of symptoms related to GERD. Thus, the fact that the Veteran did not report having any problems related to the digestive system for many years post-service separation, when he presently contends that he has experienced symptoms since service weighs against any assertion that these symptoms began during service and continued after service. In this regard, the Board is not rejecting the Veteran's reports of continuous symptoms of burning sensations in his throat and chest, gas, and belching since service based on lack of corroborating medical evidence. Rather, this determination is based on comparison of the Veteran's reports for his claim with his reports at other times as to the existence and timing of his symptoms, as well as a lack of reports in certain records where they would be expected. For instance, the examination report in November 1990, and subsequent examinations for reserve duty in March 1994 and September 1998. Thus it is reasonable to infer that had he been experiencing recurrent symptoms of digestive problems during service he would have reported it on his November 27, 1990 periodic examination, especially because he did report to medical on November 13, 1990, approximately two weeks before the examination, when he was diagnosed with gastroenteritis. See Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011) (stating that the Board, as fact finder, is permitted to draw inferences based on the evidence, so long as any such inference does not result in a medical determination). 

Given the above, the Board finds that the most probative evidence of record shows there is no competent evidence linking the Veteran's initial development or diagnosis of GERD to active service. See 38 C.F.R. § 3.303. Following separation from service, the first medical evidence of gastrointestinal problems as noted by the evidence of record was 2003, and the first clinical indication noting diagnosis of GERD is reflected in an October 2007 VA treatment record, 15 years following separation from military service. Furthermore, the October 2013 VA examination report with December 2017 addendum opinion regarding the etiology of the Veteran's GERD condition weighs against his claim. The examination report and medical opinions indicate the examiner reviewed the overall clinical data and concluded that the in-service symptoms noted in July 1989 were related to flu syndrome and not current GERD. In support of this opinion, the examiner considered the Veteran's symptoms in service referencing his symptoms of reflux in 1985, as well as treatment for stomach gas and heartburn in service, and, that he saw a doctor for these conditions. The Board has considered the Veteran's argument presented in the April 2018 Post Remand Brief that the VA opinion is not adequate. The Veteran contends that the examiner's rationale is that there were no documentation of ongoing complaints and then cites to case law for a holding that the lack of contemporaneous medical records does not itself render the claimant's statements not credible. However, in this case there are contemporaneous medical records and those records include reports that one would expect to find complaints if the Veteran had symptoms. The Board finds the VA opinion adequate and sufficient for the Board to conclude that the question of the Veteran's condition during service was sufficiently considered by the examiner.

In conclusion, the preponderance of the evidence is against the claim, and it is, therefore, denied. In arriving at the decision to deny the claim, the Board has considered the applicability of the benefit-of-the-doubt doctrine enunciated in 38 U.S.C. § 5107(b). However, as there is not an approximate balance of evidence, that rule is not applicable in this case. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990); Ortiz v. Principi, 274 F. 3d 1361 (Fed. Cir. 2001). 


ORDER

Service connection for a digestive disorder, to include acid reflux and GERD is denied.



______________________________________________
JAMES G. REINHART
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs